# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 11-234 |
| v. | ) CV 18-61 |
| | ) |
| JAMES LIGNELLI | |

## OPINION AND ORDER

### SYNOPSIS

In this action, following a trial that began on May 28, 2014 and ended with a verdict on June 11, 2014, a jury found Defendant guilty of two Counts of bank fraud in violation of 18 U.S.C. § 1344, and not guilty of two Counts of conspiracy to commit bank fraud. On April 29, 2015, Defendant was sentenced to a term of imprisonment of 42 months, followed by a term of supervised release. The Court of Appeals affirmed this Court's judgment on August 12, 2016.

Before the Court is Defendant's counseled Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] Therein, Defendant alleges that trial and appellate counsel were ineffective in multiple respects. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

### I. APPLICABLE STANDARDS

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ...

---

[1] Judge McVerry presided over this matter until it was transferred to Judge Cercone on January 16, 2018. The matter was then transferred to my docket on June 26, 2018.

present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)).  A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004).  In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

II. **DEFENDANT'S MOTION**

A. **PROCEDURAL DEFAULT**

Claims not raised on direct appeal are procedurally defaulted, unless the defendant demonstrates good cause for failing to raise the claims, and actual prejudice from the violation. United States v. Oidac, No. 92-00048, 1995 U.S. Dist. LEXIS 11129, at *9 (E.D. Pa. July 31, 1995).  To show cause sufficient to excuse procedural default, a defendant must establish that an "objective factor external to the defense" prevented him from advancing the claim at a procedurally appropriate time. United States v. Ciavarella, No. 09-272, 2018 U.S. Dist. LEXIS 2785, at *27-28 (M.D. Pa. Jan. 8, 2018).  "Examples of good cause include interference by officials which made procedural compliance impracticable, unavailability of the factual or legal basis for the claim at the time of the procedural default, and ineffective assistance of counsel in violation of the Sixth Amendment." Oidac, 1995 U.S. Dist. LEXIS 11129, at *10.  Moreover, the required prejudice exists when the alleged constitutional error "worked to [defendant's] actual and substantial disadvantage." Id. at **10-11 (quoting United States v. Frady, 456 U.S. 152, 170, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982)).

Here, each of Defendant's claims of ineffective assistance of trial counsel could have been raised on appeal. The alleged wrongful conduct, and ineffective assistance of trial counsel, occurred well prior to the appeal; Defendant asserts no later-developing rule of law that was unavailable to him at the time. To the extent that Defendant claims that appellate counsel's ineffectiveness in failing to raise the issues constitutes cause for the default, that claim is rejected. As more fully discussed infra, Defendant's claims of judicial or prosecutorial error cannot prevail, and thus appellate counsel cannot have been ineffective for failing to challenge the Court's or Government's conduct.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

Even if Defendant's challenges were not defaulted, they would fail on their merits. Defendant's ineffective assistance claims rest on a variety of actions by the Court and Government counsel, occurring in the context of a relatively lengthy trial that began on May 28, 2014 and ended with a jury verdict on June 11, 2014. In particular, he avers that counsel was ineffective for failing to address the following instances: 1) Government counsel's improper expression of opinion regarding the Defendant's guilt, in his opening and closing statements; 2) Government counsel's statement, in opening, that misrepresented evidence ultimately presented at trial, and referred to jurors' personal knowledge of Pittsburgh neighborhoods; 3) Government counsel's improperly vouching for the good faith of witnesses, in particular by referencing the substantial assistance of cooperating witnesses, and improperly addressing the witnesses' plea agreements; 4) Government counsel's question to a witness regarding Defendant's truthfulness 5) the Court's mid-trial and final statements to the jury. In the interest of thoroughness and clarity, and because their merits are intertwined with the issue of default, each of Defendant's claims of ineffective assistance of counsel will be addressed.

3

### A. Applicable Standards

In order to demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir.1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. When assessing prejudice, "a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." Strickland, 466 U.S. at 694. A Court's review of ineffective assistance claims must be "'highly deferential,' and avoid "the distorting effect of hindsight." Id. at 689. Thus, it is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F.2d at 711.

Under these standards, " counsel is not obliged to advance every available nonfrivolous argument…." Smith v. Collins, 977 F.2d 951 (5th Cir. 1992) (citations omitted); see also Ballinger v. United States, No. 13-537, 2016 U.S. Dist. LEXIS 62327, at *23 (S.D. Ill. May 11, 2016). Accordingly, counsel should not be deemed ineffective for failing to raise a challenge that is not "so obvious." See, e.g., Royal v. Netherland, 4 F. Supp. 2d 540, 562 (E.D. Va. 1998). Instead, "effective assistance generally requires focus on the strongest arguments available."

Ballinger, 2016 U.S. Dist. LEXIS 62327, at *23.  The Strickland standard for effective assistance of counsel applies to both appellate and trial counsel. Phillips v. Moore, 2005 U.S. Dist. LEXIS 24158 (D.N.J. 2005).

> B. Conduct of Government Counsel
>> a. Expression of Opinion Regarding Guilt

First, Defendant argues that the Government, in opening statement, improperly commented on Defendant's guilt.  The allegedly offending statements were, in opening, that Defendant "is guilty as charged, and we're going to prove it"; and in closing, "the defendant is guilty as charged, and we've proved it."

> In the context of a section 2255 motion, a court's standard of review of a prosecutor's comments during trial is a narrow one.  … "The relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" "It is not sufficient that the prosecutor's comments were undesirable . . .; rather, habeas corpus relief should be granted only where the defect rises to the level of 'egregious conduct.'" … Absent a violation through prosecutorial misconduct of a specific guarantee of the Constitution, habeas corpus relief will not be granted unless the prosecution's conduct renders the trial fundamentally unfair so as to deny the defendant due process under the Fifth or Fourteenth Amendments.

United States v. Lively, 817 F. Supp. 453, 465-66 (D. Del. 1993) (citations omitted).

As has been noted within this Circuit, many lawyers refrain from objecting during opening and closing argument.  Thus, barring "egregious misstatements," a failure to object during those arguments does not rise to the level of ineffective assistance of counsel.  Id. at *36. "'The role of the attorney in closing argument is to assist the jury in analyzing, evaluating and applying the evidence.'  Within that role, attorneys may state their contentions 'as to the conclusions that the jury should draw from the evidence.'" United States v. Odiodio, No. 99-236, 2005 U.S. Dist. LEXIS 18046, at *77 (N.D. Tex. Aug. 23, 2005) (quoting United States v. Garza, 608 F.2d 659, 662 (5th Cir. 1979)).  "Often, the decision as to whether or not to object to

particular statements made in closing argument is a matter of tactics. Since an objection may tend to emphasize a particular remark to an otherwise oblivious jury, the effect of objection may be more prejudicial than the original remarks of opposing counsel." Walker v. United States, 433 F.2d 306, 307 (5th Cir. 1970). Notably, "[c]laims of prosecutorial misconduct are reviewed deferentially on habeas review." Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004).

Prior to opening statements in this case, the Court advised the jury that "opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in opening statements is not evidence." [ECF No. 117, p. 20]. Further, Defense counsel, in his opening statement, told the jury as follows: "Before I begin, I'd like to remind you and caution you of something the Judge said, because it's very important. The opening statement that you just heard from [Government counsel] is not evidence in this case. Nor is the fact that [Defendant] has been indicted or charged with a crime evidence in this case. None of that is anything." Id. at p. 89. Later in the proceeding, the Court further instructed the jury: "The following are not to be considered as evidence: Statements and arguments of the lawyers for [Defendant] or the Government; Questions asked by the lawyers and questions that I might have asked; Objections by the lawyers, including particularly objections in which the lawyers stated facts." [ECF No. 185, p. 7]. The Court must assume that the jury understood and followed its instructions. Jermyn v. Horn, No. 97-634, 1998 U.S. Dist. LEXIS 16939, at *44 (M.D. Pa. Oct. 27, 1998). Indeed, the present record contains no suggestion to the contrary.

The challenged statements are properly viewed as an indication of what the Government intended to prove, and an indication of what the Government believed it had proved, which fall within the appropriate bounds of opening and closing arguments. The statements, quite patently, did not render the trial fundamentally unfair. Moreover, even assuming that the statements were

6

improper, defense counsel's failure to object to them did not fall below applicable standards of competence.  Defendant has not overcome the presumption that counsel's conduct was sound trial strategy, in keeping with the common practice, within this District and others, of avoiding objections during opening and closing arguments.  Finally, Defendant cannot establish the prejudice contemplated by Strickland.  Particularly in light of the Court's instructions and defense counsel's reminder to the jury, there are no grounds for concluding that the outcome of the trial would have differed had counsel objected.  For similar reasons, appellate counsel's failure to address these issues does not constitute ineffective assistance of counsel under Strickland.

### b. Misrepresentation of Evidence

Defendant further contends that trial counsel was ineffective when he failed to object when the Government, in his opening statement, referred to facts not introduced at trial.  In particular, he points to the suggestion that Defendant attempted to hit a predetermined property value; that experts would testify that the selection of comparables was "absurd" or "outrageous"; and that the Government counsel invoked his and jurors' personal knowledge of property values in different neighborhoods.[2]

A prosecutor is not precluded from the use of "colorful adjectives" in his opening statement.  Cf. United States v. Feng Ling Liu, No. 12-934-01, 2015 U.S. Dist. LEXIS 94899, at *23 (S.D.N.Y. July 20, 2015).  In addition, "the Government does not act improperly by failing to anticipate the exact testimony that will be presented to the jury."  Fleming v. United States, No. 14-868, 2016 U.S. Dist. LEXIS 175631, at *32 (W.D. Mich. Dec. 20, 2016).  Finally, it is

---

[2] Government counsel stated: "But as you probably know, living in – most of you have lived in Pittsburgh your whole lives or the region – you don't have to go very far in Pittsburgh.  If you know Squirrel Hill or Wilkinsburg, you know, those properties may just be across the river.  But they're completely different values, completely different properties." [ECF No. 117, p. 56].

7

self-evident that jurors must be assumed to carry into the courtroom both common knowledge and life experience. As discussed supra, both defense counsel and the Court reminded the jury that the statements of Government counsel during opening were not evidence to be considered in the case. Defendant points to no basis, under present circumstances, for concluding that counsel should have objected to or raised on appeal the Government's passing reference to Pittsburgh neighborhoods. Likewise, there are absolutely no grounds for finding that counsel's failure to address the statements affected the outcome of Defendant's proceedings. Even assuming arguendo that the challenged Government statements were improper, Defendant simply cannot meet the requirements of Strickland, with respect to either trial or appellate counsel.

### c. Vouching/Plea Agreements

Defendant challenges the failure to object to the Government's inquiries to cooperating witnesses regarding whether counsel had told the witness to tell the truth, or to lie, and statements encouraging the witnesses to tell the truth. Relatedly, Defendant asserts that the Government misrepresented the cooperating witnesses' plea agreements as requiring them to "tell the truth," rather than merely to provide "substantial assistance."

"Vouching may occur in two ways: the prosecution may place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony." United States v. Merlino, No. 88-00003-03, 1997 U.S. Dist. LEXIS 14344, at *41 (E.D. Pa. Sep. 17, 1997).

> [T]o find vouching two criteria must be met: (1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge or other information not contained in the record.

United States v. Walker, 155 F.3d 180, 184, 187 (3d Cir. 1998).

Although Government counsel may not personally vouch for a witness' truthfulness, a prosecutor may offer a reasoned basis for why they are being truthful (when defense counsel has suggested not). Feng Ling Liu, at *26-27. Such statements are not improper, so long as the prosecutor does not insinuate any personal beliefs that take advantage of the prosecutor's status as a government representative. Brooks, 173 Fed. Appx. 848.

In this case, Government counsel did not assure the jury, based on either his personal knowledge or information not contained in the record, that the witnesses were truthful. Instead, he asked the witnesses, under oath, questions pertinent to the truthfulness of their testimony; they responded. He explored with a witness the idea of substantial assistance. This does not constitute improper vouching. Cf. United States v. Lignelli, No. 11-234, 2014 U.S. Dist. LEXIS 101549, at *6 (W.D. Pa. July 25, 2014). Accordingly, trial counsel's failure to object to the now-challenges questions and statements did not fall below the level of reasonably competent assistance, and Defendant has not established that he was prejudiced by such failure. Further, the Government represents that the pertinent plea letters refer, at multiple points, to the truthfulness of the cooperating witnesses' testimony. Other related representations regarding cooperating witnesses were not misleading, as they were based on evidence adduced at trial. No misrepresentation was made, and counsel was not ineffective for failing to object to the Government's references. As far as Defendant's assertion regarding the failure to admit the plea agreements into evidence, trial counsel in fact asked for leave to reopen the record and introduce the agreements; the Court denied his request. Counsel was not ineffective in that regard.

### d. Defendant's Truthfulness

In a similar vein, Defendant contends that trial counsel was ineffective when he failed to object to the Government's question regarding Defendant's truthfulness. In particular,

Government counsel asked an FBI agent witness whether there was a "concern" that another witness – a cooperating witness for the Government, in fact-- had forged Defendant's signature. I disagree with Defendant's characterization of this question as impermissibly asking a witness if another witness is lying or telling the truth.  Further, there are absolutely no grounds for concluding that counsel's failure to object to the question caused prejudice within the meaning of Strickland.

### C. Court's Statements to the Jury

Defendant argues that both trial and appellate counsel were ineffective in failing to address the Court's mid-trial statement to "clarify" the Court's legal authority to grant a Government Motion to reduce the sentence of a witness.  Defendant contends that this statement bore on the credibility of a main cooperating witness, and was improper.  The Court, however, spoke only to its authority, and not to witness credibility.  Given that the statement is difficult to characterize as improper, trial counsel had no reason to object thereto.  Even assuming the statement was improper, the Court's instructions to the jury were curative: "You should not take anything I may have said or done during the trial as indicating what I think of the evidence what I might think about what your verdict should be."  [ECF No. 185, p. 3].  Further, Defendant suggests that the Court's statement accused defense counsel of misconduct.  This is inaccurate. The allegedly improper statement was preceded by the following statement by the Court: "[B]efore [the witness] leaves the courtroom, I as the sentencing Judge in [the witness'] case want to clear up what might be a misconception that the jury may have drawn from the fact that his sentence was reduced." [ECF No. 118, p. 65].  There is no suggestion in the record that defense counsel antagonized the court, was blamed for misconduct before the jury, or was

otherwise ineffective with respect to the witness' sentence reduction or the Court's statements pertaining thereto.

Defendant also challenges counsel's failure to object to the Court's jury instructions. In particular, he takes issue with the Court's inclusion of the "honest services" theory, although no such theory was charged in the indictment or shown by the evidence at trial. Further, Defendant takes issue with the Court's explanation of "intent to defraud." In the first instance, Defendant contends that the charges against him did not include "honest services" fraud, and there was no evidence of same at trial. Indeed, our Court of Appeals noted the evidence that Defendant "knowingly participated in a fraudulent scheme and that he did so with the intent to deprive a bank of its property." United States v. Lignelli, 660 F. App'x 118, 122 (3d Cir. 2016). Judge McVerry stated, "the evidence was overwhelming…that Lignelli knew that his appraisals would defraud a financial institution." Lignelli, 2014 U.S. Dist. LEXIS 101549 at *11. It has been held that "the inclusion of the intangible rights language in a court's jury charge on a bank fraud count is harmless…in cases in which the "'bottom line' of the scheme or artifice [charged] had the inevitable result of effecting monetary or property losses.'" United States v. Holley, 23 F.3d 902, 910 (5th Cir. 1994) (quoting United States v. Saks, 964 F.2d 1514 (5th Cir. 1992)). The evidence in this case, as reflected by the record, concerned a scheme to deprive another of money or property, rather than honest services. It simply cannot be said that had counsel objected to the Court's reference to "honest services," there is a reasonable probability that the outcome would have differed.

As regards the Court's "intent to defraud" instruction, counsel was not ineffective. Third Circuit Model Jury Instruction 6.18.1344-1 Bank Fraud, defines "intent to defraud" as follows:

> To act with an 'intent to defraud' means to act knowingly and with the intention or the purpose to deceive or cheat….In considering whether {name) acted with an

intent to defraud, you may consider, among other things, whether he acted with a desire or purpose to bring about some gain or benefit to (himself) (herself) or someone else at the expense of (name of financial institution) or with a desire or purpose to cause some loss to (name of financial institution).

This mirrors, almost verbatim, the language used by the Court in the present matter. Defendant has not proffered any persuasive reason that this aspect of the Court's instructions merited his counsel's intervention; further, his assertion of prejudice is speculative at best. He is not entitled to relief on these grounds.

### D. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In conclusion, Defendant has not established a fundamental defect which inherently results in a complete miscarriage of justice, and his Motion to Vacate will be denied. No certificate of appealability shall issue. An appropriate Order follows.

Dated: October 4, 2018

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 11-234 |
| v. | ) CV 18-61 |
| | ) |
| JAMES LIGNELLI | |

**ORDER**

AND NOW, this 4th day of October, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court